IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHARLES LEAVELL HAMILTON                                                    PLAINTIFF

v.                                                           CIVIL ACTION NO. 5:16cv34-DCB-MTP

ADAMS COUNTY, MISSISSIPPI, *et al.*                                         DEFENDANTS

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte* upon Plaintiff's failure to prosecute this matter and failure to comply with the Court's Order [22].  For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice.

Plaintiff originally filed a complaint alleging violations of his civil rights while he was incarcerated in the Adams County Jail.  On September 8, 2016, the court set this matter for an omnibus hearing and issued a writ of habeas corpus ad testificandum[1] so that Plaintiff would be transported to the hearing set for October 26, 2016.  On September 12, 2016, a representative of the Adams County Sheriff's Department advised the court that Plaintiff had been transferred from their facility.[2]  The court entered a show cause order on October 14, 2016, giving Plaintiff until November 1, 2016 to notify the court of his correct address.[3]  The Court warned Plaintiff that his failure to respond to the Order may result in dismissal of his lawsuit without prejudice and without further notice. *Id*.  Plaintiff did not file a written response as ordered.  In fact, Plaintiff has taken no action in this case since June 8, 2016, which is the date of his last filing in

---

[1] *See* Order [18] and Writ [19].

[2] *See* Letter [21].

[3] *See* Order [22].  This Order also cancelled the omnibus hearing set for October 26, 2016.

this matter.[4]

Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases" *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

With its clear record of delay, this case may properly be dismissed under rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal could result from his failure to comply with court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995).

## RECOMMENDATION

As Plaintiff has failed in his obligations to prosecute this case and to comply with the Court's order, the undersigned recommends that any claims remaining in this matter be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The

---

[4]*See* Response [7].

District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED this the 8th day of November, 2016.

                                          s/ Michael T. Parker
                                          United States Magistrate Judge